# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Trevor WILLIAMS<br>200 West Gambier Street<br>Mount Vernon, Ohio 43050,<br>　　　　　　Plaintiff,<br><br>　　-vs-<br><br><br>CITY OF MOUNT VERNON,<br>40 Public Square<br>Mount Vernon, Ohio 43050,<br>　　　　　　Defendant. | Case No. _____<br><br>Judge _____<br><br><br><br>COMPLAINT<br>1. Reverse Sex Discrimination<br>2. Retaliation<br><br>JURY DEMAND<br><br>EEOC RTS vetting cleared on 27 DEC 24<br>Case No. 532202500678 |

　　Now comes the Plaintiff by Counsel and for his cause of action against the Defendant says the following:

### JURISDICTION

　　This Court has jurisdiction over the subject matter in this case and venue is appropriate in this District as the parties are residents of Knox County, Ohio and the cause of action for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq* plead herein may be heard in this Court under 28 USC 1331 which states "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Any factually intertwined state law cause of action plead herein under Ohio RC 4112.02 is also properly before this Court under the Court's supplemental jurisdiction pursuant to 28 USC 1367 (a). This case has cleared EEOC vetting and a 90 day right to sue letter was issued on 27 DEC 2024.

### PARTIES AND FACTS

　　1.　　Plaintiff Trevor WILLIAMS is a 39 year old single white male resident of Knox County, Ohio.

　　2.　　Defendant CITY OF MOUNT VERNON (CITY) is a municipal corporation under Ohio law. The CITY is a body politic capable of suing and being sued in state and federal court.

Ohio RC. 715.01.  Defendant acts by its duly authorized agents or their conduct even if tortuous as charged is ratified after the fact, all under color of law unless otherwise indicated herein.

      3.      Plaintiff was a lieutenant in the Defendant's Fire Department at all times relevant in this case.

      4.      Plaintiff began his employment with the Defendant on May 10, 2007 and was terminated from employment on June 5, 2024.  The termination decision was communicated to the Plaintiff by one Tanner SALYERS, the City "Safety Service Director."  Prior to the termination decision being made, the Plaintiff was investigated by a female Human Resources Director for the City Denise NEFF.

      5.      The false excuse for the Plaintiff's termination was that he sexually harassed a female first responder named Lydia GRIMES and in effect did not agree he did it.

      6.      GRIMES made a complaint that Plaintiff occasionally touching against her in five incidents reported at the same time on one day, while working in first responder training assignments, including in unavoidably crowded spaces, was "inappropriate."   The five incidents were sporadic stretched out over a year.

      Incidents alleged by GRIMES included:

      (A)      Putting his hands on her shoulders momentarily to avoid colliding with her when she was in a rolling chair.

      (B)      Standing too close to her while he read a map.

      (C)      Giving her a supervisor's pat on her back once for being appreciated in front of a superior officer who said nothing.

      (D)      Plaintiff opening the door for GRIMES and brushing her inadvertently.

      (E)      While working to gain access to an ambulance "medic" Plaintiff touched her back inadvertently.

      (F)      Plaintiff maneuvering over a rolling ambulance cot to get to the other side of it, GRIMES did not like Plaintiff out of necessity coming into contact the small of her back with his hands.

      7.      GRIMES is hypersensitive and her demand that Plaintiff not come into any contact with her is objectively unreasonable given the job she agreed to work in makes contact with fellow first responder bodies inevitable and unintentional.   The Plaintiff's superiors were aware of this fact at all times relevant and did not protect the Plaintiff from GRIMES hypersensitivity <u>which she</u>

<u>did not characterize as sexual harassment</u> but NEFF did anyway knowing the Plaintiff would be disqualified from taking a Captain's promotion test the Plaintiff would sign up for and set to take in July or June of 2024.    The Defendant used a sexual harassment complaint for an ulterior purpose.

8. In fact NEFF "investigated" GRIMES complaints and concluded before she interviewed the Plaintiff, who she claimed was not permitted to speak to a lawyer while being investigated, that GRIMES was credible and the Plaintiff had violated what amounts to the Defendant's sexual harassment policy.

9. NEFF's investigation report was hyperbole.  NEFF wrote that GRIMES was "scared" of the Plaintiff and "visibly trembling" on May 22, when she met with her, about a year after she claimed the problem started.  However in the same report, NEFF indicated GRIMES admitted coming into physical contact with other first responders goes with the job and she thought "those interactions are totally fine."

10. The Defendant's conduct amounts to reverse sex discrimination under Ohio RC 4112.02 and retaliation under RC 4112.02 (I) as well as 42 SC 2000 e-1 and e-3, respectively given the employer used a dubious complaint by a female co-worker of the Plaintiff that does not even speak to sexual harassment to discipline and terminate the Plaintiff for sexual harassment after he participated in a sexual harassment investigation, opposed the adverse action against him, and in spite of there being no evidence of sexual harassment, fired the Plaintiff for it anyway.

11. The Plaintiff did not engage in *unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature* against GRIMES and the Defendant employer, who is the unusual type who discriminates based on sex against males for an ulterior purpose, caused a  foreseeable, direct injury against the Plaintiff by costing him valuable employment, lost income, shame and humiliation, anxiety and anger.

12. Defendant's conduct was intentional and malicious.

WHEREFORE, the Plaintiff demands JUDGMENT against the Defendant in an amount of money in excess of $500,000.00 for compensatory and punitive damages, interest, costs and attorney fees.

## JURY DEMAND

Plaintiff demands a trial by 8 jurors.

Respectfully Submitted,

/s/ Michael Terrence Conway, Esq.
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com